**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **JESSICA COLLINS** | § | |
| **Individually and On Behalf** | § | |
| **of all Others Similarly Situated,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:17-cv-92** |
| | § | |
| | § | |
| **KENNETH WAYNE BARNETT** | § | |
| **d/b/a PLAYERS BIKINI CLUB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

### SUMMARY

1. Defendant employs entertainers at an adult entertainment club in Amarillo known as Players Bikini Club. Defendant refuses to compensate these employees at the applicable minimum wage and overtime rates of pay required by Federal law. In fact, Defendant does not pay these employees any wages at all. Their only compensation is in the form of tips received directly from patrons.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires that, among other things, tipped employees to be paid a direct cash wage of at least $2.13 per hour in order to claim credit for tips against the minimum wage. *See* 29 U.S.C. § 203(m), § 206. Defendant also violated the FLSA in failing to compensate affected employees for overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3.  Plaintiff brings a collective action to recover unpaid minimum wage and overtime compensation owed to her individually and to other similarly situated employees, current and former, of Defendant.

### Jurisdiction & Venue

4.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5.  This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here.

### PARTIES

6.  Plaintiff Jessica Collins is a resident of Amarillo, Texas and was employed by Defendant. Her written consent to participate in this action is attached as Exhibit "A."

7.  Plaintiff brings this case individual and on behalf of all persons employed as entertainers or dancers at Players Bikini Club during the last three (3) years (the "Class Members").

8.  Defendant Kenneth Wayne Barnett d/b/a Players Bikini Club is an individual residing in Amarillo, Texas.  He may be served with process at 8801 Tarter Avenue, Apt. 1401, Amarillo, Texas  79119 or wherever he may be found.

### COVERAGE

9.  Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

10. Defendant has been an employer of Plaintiff within the meaning of Section 3(d) of the FLSA.

11. Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that Defendant has had

employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Defendant Kenneth Wayne Barnett d/b/a Players Bikini Club has had an annual gross volume of sales made or business done, exclusive of excise taxes, that exceeds the minimum required for FLSA enterprise coverage.

13. Plaintiff and the Class Members were individuals engaged in commerce or in the production of goods for commerce as required by Sections 206-207 of the FLSA.

14. Defendant Kenneth Wayne Barnett ("Barnett") is the owner and operator of the adult entertainment club at which Plaintiff and Class Members are/were employed.

15. Barnett controlled the nature, pay structure, and employment relationship of Plaintiff and Class Members. As such, pursuant to 29 U.S.C. § 203(d), defendant acted directly or indirectly in the interest of Plaintiff's employment as her employer, which makes him individually liable under the FLSA.

16. At all times relevant to this lawsuit, Barnett had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Barnett was responsible for the day-to-day affairs of the club. In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

**FACTS**

17. Plaintiff worked as an entertainer at Players Bikini Club ("Players") from approximately September through December of 2016.

18. Neither Plaintiff nor any of the other entertainers employed by Defendant received a direct cash wage in return for their dancing at the club; rather, their only compensation was in the form of tips paid by customers.

19. Defendant required Plaintiff and other entertainers to work schedules set by Defendant.

20. Defendant also set "house fees" that the entertainers were required to pay Defendant in return for being allowed to dance the club.

21. Defendant also required entertainers to share their tips with the disk jockeys who work at the club.

22. Defendant imposed "fines" on entertainers for various infractions, including leaving work before the club closes or drinking too much alcohol.

23. Defendant directed dancers on the style and types of clothing and shoes they were expected to wear when dancing.

24. Defendant controlled how much entertainers can charge for "lap dances."

25. Defendant controlled how much of the fees charged for "lap dances," visits to the "lap dance room," and/or visits to the "VIP room" may be kept by the entertainers and how much must be paid to Defendants.

26. Defendant directed entertainers to spend only certain amounts of time with a particular customer before moving on to another in soliciting lap dances or visits to the lap dance room or VIP room.

27. Defendant controlled the payment method entertainers can accept. For example, credit cards could not be accepted for lap dances.

28. Defendant controlled if and when entertainers got to take breaks from their work.

29. When entertainers worked more than 40 hours in a workweek, they did not receive overtime premiums as required by law.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff Jessica Collins brings this case as an "opt-in" collective action on behalf of the Class Members pursuant to 29 U.S.C. § 216(b).

31. The total number and identities of the Class Members may be determined from the records of Defendant and they may easily and quickly be notified of the pendency of this action.

32. Plaintiff is similar to the Class Members because all have been unlawfully denied payment of the Federal minimum wage pursuant to a common plan, policy or practice.

33. Plaintiff's experiences are typical of the experiences of the Class Members.

34. Defendant's failure to pay minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or the Class Members.

35. Plaintiff's experiences are typical of those of the Class Members.

36. Specific job titles or job duties of the Class Members do not prevent collective treatment.

37. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

## CAUSES OF ACTION

38. Plaintiff re-alleges and incorporates by reference the facts set forth above.

39. Defendant's failure to pay minimum wage to Plaintiff violates the FLSA. 29 U.S.C. §§ 206, 207.

40. Defendant's failure to keep accurate records of the hours that Plaintiff worked violates the FLSA.

41. Defendant's policy and practice by which he fails to inform tipped employees of the provisions of 19 U.S.C. § 203(m) violates the FLSA.

42. Defendant knew or should have known that his policies and practices violate the FLSA.

43. Defendant has not made a good faith effort to comply with the FLSA.

44. Rather, Defendant has knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out his illegal practices.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding Plaintiff:

A.      the applicable minimum wage for all hours worked;

B.      an amount equal to unpaid minimum wages as liquidated damages as allowed under the FLSA;

E.      reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

F.      pre-judgment and post judgment interest at the highest rates allowed by law; and

G.      such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

YOUNG & NEWSOM, PC

By: /s/ Jeremi K. Young
Jeremi K. Young
State Bar No. 24013793
Collin J. Wynne
State Bar No. 24068815
1001 S. Harrison, Suite 200
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com
Collin@youngfirm.com

*ATTORNEYS FOR PLAINTIFF*